Filed 9/3/15  In re S.M. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re S.M., a Person Coming Under the Juvenile Court Law. | |
| MENDOCINO COUNTY HEALTH & HUMAN SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>M.A.,<br><br>        Defendant and Appellant. | A144562<br><br>(Mendocino County<br>Super. Ct. No. SCUKJVSQ141708101) |

In this appeal from a dispositional order, the parties have submitted a joint application for a stipulated reversal of the challenged order.  The parties agree that the juvenile court failed to ensure compliance with the inquiry and notice requirements of the Indian Child Welfare Act (ICWA), and they seek a conditional reversal of the challenged order pending compliance with the ICWA.

While we will accept the concession that the juvenile court failed to ensure compliance with the ICWA's inquiry and notice requirements, we do not agree that reversal of the dispositional order, conditional or otherwise, is an appropriate resolution under these circumstances.  Instead, the proper disposition is to remand for compliance with the ICWA's notice and inquiry provisions and to allow appellants to petition the juvenile court to invalidate any orders that may have violated the ICWA upon a showing that any error was prejudicial.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2014, M.A. (mother) was arrested following a report that she was behaving "out of control" in a pizza restaurant and hitting the head of her son, 11-month-old S.M., against the side of a stroller. Staff at the Mendocino County Health & Human Services Agency (Agency) noted that mother was not only under the influence at the time of the event but that her mental illness was spiraling out of control. S.M. was released to his father, V.M. (father), after he signed a family safety plan. Both mother and father subsequently tested positive for methamphetamine. In October 2014, S.M. was ordered removed from the custody of the parents.

A petition filed in October 2014 alleged that S.M. came within the jurisdiction of the juvenile court under subdivisions (b) and (j) of section 300 of the Welfare and Institutions Code.[1] Among other things, it was alleged that the parents were unable to provide a safe and appropriate home environment for S.A. in light of their chronic substance abuse, mother's mental instability, and the condition of their home. It was further alleged that mother has two older children not currently in her care, with at least one of those children having been adopted after mother lost custody following the abuse and neglect of that child.

In the juvenile dependency petition, it was noted that mother "stated she may have Native American heritage through the Cherokee, Choctaw & Blackfoot Tribes." At the detention hearing, father stated that he may have Cherokee heritage, and he later filed a document declaring that he may have Cherokee or Apache heritage.

In November 2014, the Agency filed a notice sent to various tribes advising them of the proceedings involving S.M. As of mid-December 2014, the Agency reported that it had received one response—a letter from the Blackfeet Tribe stating that S.M. is ineligible for enrollment.

At a contested jurisdiction hearing conducted on December 30, 2014, the juvenile court sustained the jurisdictional allegations contained in the petition. Mother was

---

[1]All further statutory references are to the Welfare and Institutions Code.

present at the courthouse but refused to enter the courtroom, claiming she did "not feel safe." Mother's counsel requested appointment of a guardian ad litem, arguing that mother was incapable of assisting in her own defense or understanding the proceedings. The court declined to appoint a guardian ad litem until mother was present. The matter was continued for disposition until February 2015.

The Agency filed a pleading in January 2015 reflecting that return receipts had been received from the various tribes to which notices had been sent in November 2014. In an addendum report filed in February 2015, the Agency reported that the tribes that had been mailed notices had either failed to respond within 60 days or had stated that S.M. was not a member or eligible for membership in the particular tribe.

The disposition hearing was continued on a number of occasions because mother was incarcerated and could not be transported to the hearing. In early March 2015, the juvenile court appointed a guardian ad litem for mother and continued the disposition hearing as to mother to afford her additional time to meet with her newly appointed guardian ad litem. The court proceeded with a disposition hearing as to father, declared S.M. a dependent of the juvenile court, ordered reunification services to be provided to father, and permitted father to have supervised visits with S.M. As to father, the court found that the ICWA does not apply.

The continued disposition hearing as to mother was held on March 10, 2015. The court declared S.M. a dependent of the juvenile court and ordered that mother not be offered reunification services as a result of the bypass provisions of section 361.5, subdivision (b)(10) and (11), finding clear and convincing evidence that mother had not made reasonable efforts to treat the problems that had previously led to the removal of S.M.'s sibling and the termination of mother's parental rights over the sibling. The court declined to allow mother visits with S.M., finding that visits would be detrimental to S.M.'s well being. Although the court did not mention the ICWA during the course of the hearing, the court's written order reflects a finding that the ICWA is inapplicable.

Mother, through her guardian ad litem, timely appealed from the jurisdictional and dispositional orders.

3

Mother, the Agency, and S.M. jointly seek a stipulated reversal of the order made at the March 10, 2015 disposition hearing on the ground the juvenile court failed to ensure compliance with the inquiry and notice requirements of the ICWA. They propose reversing the order and directing the juvenile court to order the Agency to conduct further inquiry into S.M.'s Indian ancestry. If no tribe indicates that S.M. is an Indian child, then the parties propose reinstating the order of March 10, 2015, but if the ICWA does apply, they propose directing the juvenile court to conduct a new disposition hearing applying the provisions of the ICWA.

As set forth in the parties' declaration supporting the request for a stipulated reversal, at the time the Agency sent notice pursuant to the ICWA to the Secretary of the Interior, the Bureau of Indian Affairs, and to various tribes, the juvenile court had not had an opportunity to conduct an inquiry as to mother's Indian ancestry. The ICWA notices properly identified S.M., mother, father, and the maternal grandmother, but misidentified the maternal grandfather. Although the maternal grandmother was interviewed by the Agency, there is no indication in the record that she was ever asked about mother's Indian ancestry. According to the parties' declaration, if she had been asked about Indian ancestry, she would have informed the Agency that S.M.'s maternal great-great-grandfather was 3/8 Cherokee and that he and his two brothers were enrolled in the tribe. She would have also disclosed that the maternal great-great grandmother had Choctaw and Chicksaw ancestry, and she could have provided names and other information for each and every one of S.M.'s maternal relatives. However, even though the maternal grandmother made herself available to be interviewed by the Agency, no further information was sought, and no further ICWA notices were sent.

We agree with the parties that the juvenile court erred by failing to ensure compliance with the inquiry and notice provisions of the ICWA. A social worker has an affirmative duty to inquire whether a minor might be an Indian child. (*In re D.T.* (2003) 113 Cal.App.4th 1449, 1455.) "ICWA notice requirements are strictly construed." (*In re Francisco W.* (2006) 139 Cal.App.4th 695, 703.) To effectuate proper notice, the Agency

4

has an affirmative and continuing duty to make further inquiry regarding the child's possible Indian heritage and to interview the parents and *extended family members* to gather the necessary information.  (§ 224.3, subd. (c).)  Notice is less than adequate if it fails to include readily available information that would assist the tribes and the Bureau of Indian Affairs in determining whether the minor is an Indian child.  (See *In re D.T., supra,* at p. 1455.)  Here, because no inquiry was made of the mother or the maternal grandmother regarding their Indian ancestry before the notices were sent, the notices were not adequate and did not provide sufficient information to the tribes to assess S.M.'s status as an Indian child.

We next consider the appropriate disposition under these circumstances.  The parties seek a stipulated reversal, urging that we reverse the challenged order pending compliance with the inquiry and notice requirements of the ICWA.  In cases involving appeals from orders terminating parental rights where there is inadequate compliance with the notice requirements of the ICWA, appellate courts have endorsed the limited reversal procedure proposed by the parties here.  (See *In re Francisco W., supra,* 139 Cal.App.4th at pp. 704–710.)  However, this appeal is <u>not</u> from an order terminating parental rights.

There is a split of authority concerning the appropriate disposition for an ICWA violation in an appeal from a dispositional order.  (*In re Christian P.* (2012) 208 Cal.App.4th 437, 452; *In re Veronica G.* (2007) 157 Cal.App.4th 179, 187.)  The more recently decided cases on the issue conclude that " 'a notice violation under [the] ICWA is not jurisdictional in the fundamental sense, but instead is subject to a harmless error analysis.'  [Citations.]  ' "To hold otherwise would deprive the [trial] court of all authority over the dependent child, requiring the immediate return of the child to the parents whose fitness was in doubt." [Citation.]  An appellant seeking reversal for lack of proper ICWA notice must show a reasonable probability that he or she would have obtained a more favorable result in the absence of the error.' " (*In re Christian P., supra,* at pp. 452–453.)  Thus, reversal is appropriate for an ICWA violation only when parental rights have been terminated or when the party challenging the order establishes that the

error was prejudicial.  (*In re Veronica G., supra,* at pp. 187–188.)  Here, there is nothing to suggest mother would have obtained a more favorable result in the absence of the error.  Consequently, reversal is not an appropriate disposition.

The appropriate disposition under these circumstances is to affirm the challenged order with a limited remand to the juvenile court to order the Agency to comply with the inquiry and notice provisions of the ICWA.  (See *In re Christian P., supra,* 208 Cal.App.4th at pp. 452–453; *In re Veronica G., supra,* 157 Cal.App.4th at p. 188.)  If it is determined that the ICWA applies, then S.M, mother, or the interested tribe may petition the juvenile court to invalidate any orders that violated the ICWA.  If it is determined that the ICWA is inapplicable, any prior defective notice becomes harmless error.  (*Ibid.*)

Although we do not accept the parties' proposed disposition, and thus reject the application for a stipulated reversal, we conclude that no purpose would be served by simply denying the application and proceeding with the normal appellate briefing schedule.  The only issue raised by mother on appeal is the insufficiency of compliance with the ICWA.  The Agency and S.M. concede that the juvenile court failed to secure compliance with the inquiry and notice provisions of the ICWA.  Further briefing would be pointless.  Accordingly, we will accept the concession and direct an appropriate disposition.

As a final matter, we note that the parties stipulated to the immediate issuance of the remittitur pursuant to rule 8.272(c)(1) of the California Rules of Court.  Because the parties' stipulation was premised upon this court agreeing to a stipulated reversal of the challenged order—a disposition we decline to grant—the stipulation as presented is inadequate to authorize the immediate issuance of the remittitur.  If the parties still wish to accelerate the issuance of the remittitur, they may file an appropriate stipulation following the issuance of this decision.

## DISPOSITION

The joint application for a stipulated reversal of the judgment is denied.  The dispositional order of March 10, 2015, is affirmed, and the matter is remanded to the

juvenile court with directions to comply with the inquiry and notice provisions of the ICWA, if it has not already done so.  After proper notice is given under the ICWA, if it is determined that S.M. is an Indian child and the ICWA applies to these proceedings, any interested party is entitled to petition the juvenile court to invalidate orders that violated the ICWA.

                                       _____
                                       Jenkins, J.

We concur:

_____
Pollak, Acting P.J.

_____
Siggins, J.

A144562; *In re S.M.*

8